## Bloomington Opera House, Appellant, v. The Peter Schoenhofen Brewing Company, Appellee.

1. LANDLORD AND TENANT—*contract*. A lease is the contract and not the correspondence or conversations prior to its execution.

2. LANDLORD AND TENANT—*construction of voidable lease*. When a lease provides that it may be avoided at any time during its life if no license is granted to conduct a dramshop in the premises it is broad enough to authorize avoidance at any time on refusal of a license.

3. LANDLORD AND TENANT—*when lessee may avoid lease*. In the absence of bad faith by the lessee where a lease provides that if no dramshop license is granted the lessee may avoid it any time during its life and such license is subsequently refused on application, he may declare the lease void.

Action for rent. Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed March 15, 1912.

DeMANGE, GILLESPIE & DeMANGE, for appellant.

L. C. HAY and LACKNER, BUTZ & MILLER, for appellee.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

Appellant, leased to appellee a certain portion of the

premises known as the Bloomington Opera House, Bloomington, Illinois; the lease was for a stated term of five years, with a monthly rental of sixty-five dollars per month, payable in advance, the premises were leased for the purpose of operating a saloon.

The lease contains this provision:

"It is further agreed and understood that in the event there be no license granted for the conduct of a dram shop in the above described premises at any time during the life of this lease, then the same may be declared null and void at the option of the party of the second part."

Appellee was party of the second part.

A license was granted by the city of Bloomington to conduct a dram shop in these premises, and a dram shop was conducted therein by one Fred Dilkey as the agent of appellee, up to and through the month of January, 1911, when he ceased to operate it, no application for a renewal or continuance of his license was made; he had been arrested and convicted for violation of the ordinances of the city of Bloomington for harboring prostitutes in this place of business. On February 16, 1911, application was made to the city council by one Harry J. Smith, as the agent of appellee, to conduct a dram shop in these premises. The records of the City Clerk of the city of Bloomington show that the report of the license committee to whom this application was referred recommended to the council that the application be denied, and on February 24, 1911, the application for a license by Harry J. Smith to conduct a dram shop in these premises was acted upon by the city council. On February 25, appellee exercised the option contained in the lease and elected to declare the same null and void, and so notified appellant.

On April 12, appellant brought this action for the recovery of rent, under and by virtue of the terms of the lease, for the months of February, March and April.

Appellee filed its plea setting forth the refusal of

the city council, during the life of said lease, to grant a license to conduct a dram shop in these premises, and the exercise by appellee of its option to cancel the lease.

It is conceded appellee is liable for the rent for the month of February on account of not exercising the option to cancel the lease until February 25, but appellee denies liability for the months of March and April.

A jury was waived and trial had before the court, which resulted in a judgment against defendant for the rent for the month of February, from which judgment appellant prosecutes this appeal, claiming that it was entitled to judgment for rent for the months of March and April as well as for February.

Appellant insists that the judgment is contrary to the law and the evidence.

The only questions involved are whether the option contained in this lease, that the lessee might declare the lease null and void if the city council *at any time* during the life of the lease refused to grant a license, might be exercised by appellee upon the refusal of the city council of the city of Bloomington to grant. a license to Harry J. Smith, as the representative of appellee, and whether the application by Harry J. Smith was made in good faith.

If the application of Harry J. Smith for a license was made in good faith and without any fraud on the part of appellee, and on the refusal of the city council to grant such license appellee had the right to declare the lease null and void, then the judgment is right, otherwise, it should be reversed and the cause remanded.

It is contended by appellant that this clause was inserted in the lease for the purpose of protecting the lessee and give him the right to cancel the same provided the city of Bloomington became ''dry'' territory, and no license could be obtained therein for the purpose of conducting a saloon.    While the correspondence had between appellant and appellee seems to indi-

cate that appellant's position is correct, the lease itself must be held to be the contract and not the correspondence or conversations that took place prior to its execution. The optional clause in the lease does not contain the condition or provision contended for by appellant, but is broad enough to authorize its avoidance by appellee upon the refusal of the city council, at any time during its term, to grant a license to conduct a dram shop in these premises. The application for a license by Harry J. Smith was for this purpose and was denied. There is no contention made by appellant that the application for a license in the name of Harry J. Smith was not made in good faith, and having been made in good faith and with the intention of carrying out the terms and conditions of the lease, and having been denied by the city council, the condition was created under and by virtue of which appellee had the right to declare this lease null and void.

The propositions of law submitted to the court and held or refused by it are in accordance with its findings and judgment, and we find no error of the trial court in holding or refusing the propositions of law; and there being no error in the record, the judgment is affirmed.

*Affirmed.*